UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00337-H

JEFFREY FADEL                                                                                    PLAINTIFF

V.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffrey Fadel brought this action against Nationwide Mutual Fire Insurance Company ("Nationwide Mutual") alleging breach of contract, violation of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), and intentional or negligent misrepresentation arising from the denial of an insurance claim he filed under his flood insurance policy. This Court previously dismissed Count II of the Complaint encompassing the UCSPA claims and any insurance handling claims on preemption grounds ("November 21 Order"). Counts I and III survived to the extent they are not based on the handling of the insurance claim.

Two motions are presently before the Court. First, Nationwide Mutual moves to strike Counts I and III of Plaintiff's Complaint for noncompliance with the November 21 Order to provide a more definite statement explaining Nationwide Mutual's liability as to both counts, and the relief Plaintiff seeks therefrom. Second, the Court addresses Nationwide Mutual's motion to reconsider the November 21 Order to rule on whether Count III of the Complaint, the negligent and intentional misrepresentation claims, should be dismissed for failure to prove reasonable reliance as a matter

1

of law. For the reasons that follow, the motion to strike will be denied, and the motion to reconsider will be sustained.

I.

On March 22, 2011, Nationwide Mutual representative David Will, in the process of issuing Plaintiff a SFIP, told Plaintiff that the policy would go into effect the following day. According to the terms of the SFIP, however, the policy's effective date was thirty days after the application date and payment of the initial premium, making the actual effective date of Plaintiff's SFIP April 21, 2011. A flood damaged Plaintiff's property on April 23, 2011, but because the flood allegedly began during the period when the policy was not in effect, the United States Government, which sponsors the SFIP, denied Plaintiff's claim according to the SFIP's "flood-in-progress" exclusion. Plaintiff subsequently filed suit.

In the November 21 Order, this Court granted Nationwide Mutual's motion for a more definite statement as to Counts I and III of the Complaint, Plaintiff's breach of contract and misrepresentation claims, respectively. Specifically, the Court directed Plaintiff to indicate the contract provisions breached and the remedies sought as a result of that breach and to provide specific, nonconclusory factual allegations supporting its misrepresentation claims. According to Nationwide Mutual's Motion to Strike filed on December 17, 2012, Plaintiff had not complied with the Federal Rules of Civil Procedure requirement that he file a more definite statement within 14 days of the court order, a deadline of December 14, 2012 in this case. FED. R. CIV. P. 12(e). Though this is true, the Court will not exercise its discretion to strike the pleading or dismiss the claim.

Albeit late, Plaintiff did file a Notice of More Definite Statement. Nationwide Mutual argues in its Supplemental Motion to Strike that the statement inadequately responds to the November 21

Order. As to Count I, Nationwide Mutual argues that Plaintiff utterly fails to specify the contract provisions at issue or relief sought. As to Count III, Nationwide Mutual contends that Plaintiff did not provide any factual basis to support a finding of reasonable reliance, and instead posited new, unsupported allegations that Nationwide Mutual inadequately trained its agents. While the More Definite Statement may not be as clear as one would hope, Plaintiff has now satisfied his pleading requirements as to both counts.

The Court understands Plaintiff's breach of contract claim to allege that Nationwide Mutual violated the terms of the SFIP in denying Plaintiff's claim after he paid his premiums in a timely fashion. Specifically, Plaintiff alleges that Nationwide Mutual improperly applied the flood-in-progress exclusion to deny his claim. Because neither party at this point seems to dispute the validity of the insurance contract itself or causation, seeking relief for damages to real property and personal property and costs and expenses related to the flood damage is sufficient to satisfy the pleading requirements for Plaintiff's contract claims. *See Hardesty v. Johnson Controls, Inc.*, 2011 WL 6329756, *2 (W.D. Ky. Dec. 19, 2011)(outlining the standard of review for motions to dismiss and the minimum requirements for setting forth a contract claim under Kentucky law).

As to the misrepresentation claims, Plaintiff alleged sufficient facts to support the elements of an intentional and negligent misrepresentation claim under Kentucky law. *See Critical Care Specialists v. Fukuda Denshi Co., Ltd.*, 2009 WL 2913888, *1-2 (W.D. Ky. Sept. 9, 2009)(explaining the heightened pleading requirements for fraud claims and showing how plaintiff's fraud claims do not satisfy those requirements); *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 473 (6th Cir. 2011)(explaining the pleading requirements for a Kentucky negligent misrepresentation claim). Although Plaintiff did not provide details as to why and to what extent

he relied on Will's misrepresentations, Plaintiff's indication of reliance technically satisfies his pleading requirements at this stage. Moreover, Plaintiff is not required to respond to Nationwide Mutual's legal arguments as to reasonable reliance in his Complaint or More Definite Statement. Those issues are more properly dealt with in a motion for summary judgment or motion to dismiss, which is presently before the Court. As such, the Court will not impose the draconian relief of striking Counts I and III of Plaintiff's Complaint for insufficient pleading or noncompliance with the November 21 Order.

II.

The Court will now address Nationwide Mutual's motion to reconsider the November 21 Order. In the Order, this Court determined that the NFIA does not preempt Plaintiff's procurement fraud claims. However, the Court did not take the next step of determining whether Kentucky and federal law permit Plaintiff to rely on Nationwide Mutual's misrepresentations to satisfy an essential element of common law intentional and negligent misrepresentation claims.[1] The Court now decides this issue.

In an action for intentional misrepresentation[2], Kentucky law requires the party claiming harm to establish the following six elements by clear and convincing evidence: "a) material representation, b) which is false, c) known to be false or made recklessly, d) made with inducement

---

[1] The format of Nationwide Mutual's original memorandum in support of its Motion to Dismiss suggested that Nationwide Mutual intended the Court to envelop the issue of reliance within the analysis for preemption. Therefore, the Court addressed the preemption issue alone, and discussed its conception of reliance as to 44 C.F.R. § 61.5(e) as a product of its preemption inquiry. However, Nationwide Mutual has made clear in its memorandum supporting the present motion that Plaintiff's reasonable reliance in this case is a matter of federal law outside the scope of preemption. For this reason, the Court more appropriately treats this specific motion as a renewed motion to dismiss. Accordingly, the Court will apply the standard for a motion to dismiss,, to this motion, as outlined in the November 21 Order.

[2] "Kentucky courts have recognized that intentional misrepresentation and fraud have the same meaning under Kentucky law." *Minger v. Green*, 239 F.3d 793, 800 n.3 (6th Cir. 2001)(citing as an example *Morton v. Bank of the Bluegrass & Trust Co.*, 18 S.W.3d 353, 358 (Ky. Ct. App. 1999)).

to be acted upon, e) acting in reliance thereon and f) causing injury." *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). Plaintiff's reliance must be reasonable or justifiable, *McHargue v. Fayette Coal & Feed Co.*, 283 S.W.2d 170, 172 (Ky. 1955), and "[a] plaintiff's knowledge and experience are relevant to a determination of whether his reliance was reasonable." *Ky. Laborers Dist. Council Health & Welfare Trust Fund v. Knowlton, Inc.*, 24 F. Supp. 2d 755, 771 (W.D. Ky. 1998)(citing *Vest v. Goode*, 209 S.W.2d 833, 836 (Ky. 1948)).

For negligent misrepresentation claims, the Kentucky Supreme Court determined that a party can establish negligent misrepresentation where

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them *by their justifiable reliance* upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 580 (Ky. 2004)(quoting RESTATEMENT (SECOND) of Torts § 552)(emphasis added). Therefore, according to Kentucky law, claims for intentional and negligent misrepresentation require proof of reasonable reliance.

The United States Supreme Court established that "everyone is charged with knowledge of the United States Statutes at Large," and "the appearance of rules and regulations in the Federal Register gives legal notice of their contents." *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947). Justice Frankfurter, writing for the majority to deny the plaintiff's relief from his ignorance of the contents of the Wheat Crop Insurance regulations, also stated that all courts are under a duty "to observe the conditions defined by Congress for charging the public treasury." *Id.* at 385. Later, the Supreme Court declared that

> [p]rotection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of law. . . . This is consistent with the

5

> general rule that those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law.

*Heckler v. Cmty. Health Servs. of Crawford Cnty.*, 467 U.S. 51, 63 (1984).

Several courts have read these two Supreme Court decisions together to proscribe plaintiffs from establishing reasonable reliance in the face of material misrepresentations as to the content and effect of the SFIP for two principal reasons. *See, e.g.*, *Griffith v. State Farm Fire & Cas. Co.*, 2010 WL 231743, *6 (W.D. La. Jan. 14, 2010)("[P]laintiffs would be unreasonable in relying on such representations, given their constructive knowledge of the terms and conditions of the NFIP.")(internal citations omitted); *Deverant v. Selective Ins. Co., Inc.*, 2004 WL 1171333, *1 (E.D. Pa. Mar. 25, 2004)("These fraud and negligent misrepresentation allegations . . . do not evince a critical element of both claims–reasonable reliance–in that an insured is charged by law with constructive knowledge of the contents of the SFIP.").

First, as the Fifth Circuit held, because those who deal with the government are required to know the law, "the special nature of the insurance relationship in this case charges the insured with the duty of understanding the terms of the SFIP so that he may deal appropriately with the government and its appointed agents." *Richmond Printing LLC v. Dir. of Fed. Emergency Mgmt. Agency*, 72 F. App'x 92, 97-98 (5th Cir. 2003)(discussing state law claims requiring reasonable reliance that arise from an SFIP). Therefore, individuals seeking to utilize federal insurance programs are charged with the knowledge of the contours of those programs. *Id.* at 98; *see also Griffith*, 2010 WL 231743 at *5 ("Plaintiffs are deemed to have constructive knowledge of the thirty-day waiting period and all other provisions under the NFIP."); *Larmann v. State Farm Ins. Co.*, 2005 WL 357191, *4 (E.D. La. Feb. 11, 2005)("[A]ll citizens are charged with the knowledge of the law regarding federal insurance programs."). Second, the terms of the SFIP are published in

6

the Code of Federal Regulations, so Plaintiff cannot claim that he was not aware of the actual effective date of the policy. *Id.* ("The provisions of the SFIP are made available to the public through the publication of the Code of Federal Regulations. Thus, the SFIP is different from a typical, privately issued insurance policy because the insured has an additional outlet to which to turn to obtain information about the terms of the policy.")(internal citation omitted). Accordingly, plaintiffs cannot reasonably rely on representations contrary to the actual terms of federal insurance regulations.

The Court agrees with the reasoning of these cases. When dealing with the government, Plaintiff is under a duty to familiarize himself with the law regulating his interactions with the government. The federal regulation mandating the effective date of the policy is clear: "the effective date and time of any new policy or added coverage or increase in the amount of coverage shall be 12:01 a.m. (Local time) on the 30th calendar day after the application date and the presentment of payment of premium." 44 C.F.R. § 61.11(c). Although Plaintiff can likely establish that Will misrepresented the effective date of Plaintiff's SFIP, federal law under *Merrill* and *Heckler* suggests that his reliance on those statements is not reasonable.

Equally important, Plaintiff's responsibilities are clear under Kentucky law. "It is well established under Kentucky law that equity will grant no relief to a complaining party who has means of knowledge of the truth or falsity of representations." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1447 (6th Cir. 1993). Therefore, "[i]f the truth or falsehood of the representation might have been tested by ordinary vigilance and attention, it is the party's own folly if he neglected to do so, and he is remediless." *Mayo Arcade Corp. v. Bonded Floors Co.*, 41 S.W.2d 1104, 1109 (Ky. 1931). Therefore, Kentucky law does not allow for reliance on

misrepresentations where the plaintiff has the ability to discover the nature of the falsehood, as is the case here.

Accordingly, both federal and state law support the conclusion that Plaintiff's reliance on Will's misrepresentations was unreasonable as a matter of law. Plaintiff's intentional and negligent misrepresentation claims fail.

Some district courts have ruled that a party may reasonably rely on the misrepresentations of insurance agents as to the contents of the SFIP. *See Packard v. Farmers Ins. of Columbus, Inc.*, 672 F. Supp. 2d 817 (S.D. Ohio 2009); *Padalino v. Standard Fire Ins. Co.*, 616 F. Supp. 2d 538 (E.D. Pa. 2008); *Reeder v. Nationwide Mutual Fire Ins. Co.*, 419 F. Supp. 2d 750 (D. Md. 2006). The Court finds this line of cases unpersuasive.

Some of these opinions focus on the distinction between holding the federal government liable under these circumstances, prohibited under *Merrill* and *Heckler*, and holding a private insurance company liable. *See Packard*, 672 F. Supp. 2d at 824-25; *Padalino*, 616 F. Supp. 2d at 548-49. In a recent opinion, another judge in the Western District of Kentucky determined that the government issues the SFIP regardless of whether the particular issuing agent works for a WYO carrier. *Missi v. State Farm Fire & Cas. Co.*, 2012 WL 5878186, *2 (W.D. Ky. Nov. 20, 2012). According to the provisions of the SFIP and NFIA, the United States government issues the policy and is the principal underwriter for the policy. That an insurance carrier collects the premiums is inapposite, because the WYO carriers simply serve as the conduit through which the NFIP often operates. *Moffett v. Computer Scis. Corp.*, 457 F. Supp. 2d 571, 574 (D. Md. 2006). Therefore, the Court disagrees that the distinction featured so prominently in *Packard* and *Padalino* is important, or even present, according to the NFIA.

8

The *Reeder* Court relied entirely on the Fifth Circuit's decision in *Spence v. Omaha Indemnity Insurance Co.*, 996 F.2d 793 (5th Cir. 1993) to find reasonable reliance. However, a subsequent Fifth Circuit case found that the insured could not reasonably rely on the WYO carrier representative's misrepresentation according to Louisiana law, which imposes an obligation to read insurance policy contents. *Campo v. Allstate Ins. Co.*, 440 F. App'x 298, 301-02 (5th Cir. 2011)[3] ("Under Louisiana law, it is well settled that it is the insured's obligation to read the policy when received, since the insured is deemed to know the policy contents. Accordingly, Louisiana courts have held that an insured's reliance on an insurer's alleged misrepresentation is not justifiable when the terms of the policy clearly reveal that the alleged misrepresentation was inaccurate.")(internal quotation omitted).[4] Kentucky recognizes a similar obligation. *See Moore v. Globe American Cas. Co.*, 208 S.W.3d 868, 870 (Ky. 2006)("It is axiomatic that all persons are presumed to know the law. Furthermore, the mere lack of knowledge of the contents of a written contract for insurance cannot serve as a basis for avoiding its provisions.")(quoting *Midwest Mut. Ins. Co. v. Wireman*, 54 S.W.3d 177, 181-82 (Ky. Ct. App. 2001)); *Bidwell v. Shelter Mut. Ins. Co.*, 367 S.W.3d 585, 592 (Ky. 2012)("We recognize that insured persons are charged with knowledge of their policy's contents."). Therefore, the Court declines to follow those cases finding it reasonable to rely on a WYO carrier representative's misrepresentations as to the contents of the SFIP.

The Court recognizes the seemingly unjust result of this holding. However, the Court is following what it finds to be the most reasoned analysis of other courts on the issue presented in this motion. This analysis represents a balance struck between the need to protect insureds and the need

---

[3] Coincidentally, the first *Campo* decision reaffirmed the holding in *Spence*. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009).

[4] The Court notes that the *Campo* factual background is in some ways dissimilar to the case *sub judice*, but nevertheless understands the holding to be the Fifth Circuit's present stance on the reasonable reliance issue.

9

to protect insurance policies sponsored by the United States government. When a private citizen seeks the benefits of a federal government insurance policy, he does so under its terms and has responsibilities beyond those required in a typical private insured-insurer relationship. Those responsibilities seem clear under both federal and state law. The Court has merely applied them here.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Strike is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Reconsider is SUSTAINED, and Plaintiff's intentional and negligent misrepresentation claims are DISMISSED. Plaintiff's claims in Count I remain.

cc: Counsel of Record